John D. Bennett, S.
The propounded instrument will he admitted to probate, it having been established that it was executed in the manner prescribed by section 21 of the Decedent Estate Law, and that at the time of its execution the decedent was of sound mind and free from restraint.
An incidental question raised on this probate proceeding concerns itself with the meaning of as much of the will as directs “ that neither my executor nor his substitute be required to furnish security upon their official bond ”. It would serve no useful purpose to measure the words ‘ ‘ security ’ ’ and 1 ‘ bond ’ ’ against definitions for these two terms when used as terms of art. It is obvious that the will was written by a layman and that such meanings must be attributed to the words used as would satisfy laymen rather than lawyers.
Webster’s New International Dictionary [2d ed.] has as one meaning for the wnrd “bond”, “A binding agreement; a covenant.” The Century Dictionary and Cyclopedia defines “ bond ” as “ Something that constrains the mind or will; obligation; duty. * * * An agreement or engagement; a covenant between two or more persons. * * * In law, an instrument under seal by which the maker binds himself, and usually also his heirs, executors and administrators (or, if a corporation, their successors), to do or not to do a specified act.”
With these definitions as a guide it becomes apparent that what the testator intended was that no security be furnished when the executor assumed his obligation to “ well, faithfully and honestly discharge the duties of executor ” (the words used in the formal executor’s oath). This was the ‘ ‘ obligation ’ ’, “ duty ”, “ covenant ”, “ agreement ”, or “ engagement ” which the decedent contemplated when he used the word “ bond ”.
Of interest in this connection is Pratt & Co. v. Langston Mercantile Co. (111 Mo. App. 96, 102) where the court collected definitions of the word “ bond ”. There the court said: “ For the reason the instrument is the single obligation of plaintiffs and is without surety, the respondent contends that it does not come within the meaning and intention of the parties to the contract. The intention of parties to a written contract is to be ascertained by the language they employ to express their *321 intention. The stipulation to deposit a bond for $194.20 with the West Plains Bank does not read that it shall be a bond with surety but simply a bond. Now, if the instrument is such as comes under the legal definition of a bond, it fills the measure of plaintiffs ’ obligation to deposit a bond with the bank. Bouvier says that a bond is a ‘ simplex obligation.’ Anderson, in his law dictionary, defines a bond to be ‘ any instrument in writing that legally binds a party to do a certain thing. “ Bond,” u obligation ” and ‘ ‘ instrument in writing” are sometimes used in convertible terms.’ [Anderson’s Law Dict., p. 128.]
‘1 A bond has been judicially defined as follows: ‘ An obligation under seal.’ [Commonwealth v. Smith, 92 Mass. 448.] ‘ A sealed obligation to pay money * * * on the happening of some future event ’ (quoting Murfree on off. bonds), [Rawson v. Taylor, 95 N. W. 1033.] 1 A clause that a sum affixed as a penalty binding a party to pay the sum, conditioned, however, that the payment of the penalty may be avoided by the performance by one or more of the parties of certain acts.’ [United States v. Rundle, 100 Fed. 400.] 1 An instrument that implies an obligor bound to do what is agreed shall be done. ’ [Davenport v. Dodge County, 105 U. S. 237.] ‘ Any instrument in writing that legally binds a party to do a certain thing.’ [Courand v. Vollmern, 31 Tex. 397.)
“ Since the abolition of private seals in this State (section 893, R. S. 1899) any written instrument containing a clause that a sum affixed as a penalty, is binding, the obligor to pay the same, conditioned that the penalty may be avoided by the performance of certain acts by one or more of the obligors, is a bond. The instrument deposited by plaintiff [s] with the West Plains [Bank has] a clause that a sum affixed as a penalty, binding plaintiffs to pay the same, conditioned that it may be avoided by the plaintiffs performing their part of the contract thereto attached and which is expressly made a part of the instrument, and is, therefore, to all intents and purposes, a bond, and such a bond as the contract provided should be deposited with the West Plains Bank. It follows, therefore, that the learned circuit judge erred in instructing the jury that the instrument was not a bond. He should have instructed, as moved by the plaintiffs, that the instrument was a bond and complied with the obligation of plaintiffs to give a bond.”
Submit decree admitting will to probate and providing that letters will issue to the named executor who will serve without bond.